NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (JMP)
            Debtors.                                              :    (Jointly Administered)
------------------------------------------------------------------x
                                                                  :
TURNBERRY CENTRA SUB, LLC,                                        :
TURNBERRY CENTRA OFFICE SUB, LLC                                  :
TURNBERRY RETAIL HOLDING, L.P.,                                   :
JACQUELYN SOFFER, and JEFFREY SOFFER                              :    Adv. Proc. No.09-01062
            Plaintiffs,                                           :
                                                                  :
v.                                                                :
                                                                  :
LEHMAN BROTHERS HOLDINGS INC. and                                 :
LEHMAN BROTHERS BANK, FSB                                         :
            Defendants.                                           :
------------------------------------------------------------------x

**MEMORANDUM DECISION DENYING IN PART AND GRANTING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE,
<u>LEAVE TO AMEND</u>**

MEISTER SEELIG & FEIN LLP
*Attorneys for Turnberry Centra Sub, LLC, Turnberry Centra Office Sub, LLC, Turnberry Retail Holding, L.P., Jacquelyn Soffer and Jeffrey Soffer*
2 Grand Central Tower
140 East 45th Street
19th Floor
New York, New York 10017

    Stephen B. Meister, Esq.

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Lehman Brothers Holdings Inc. and Lehman Brothers Bank, FSB*
1395 Brickell Avenue
Suite 1200
Miami, FL 33131

    Edward R. McCarthy, Esq.

JAMES M. PECK
United States Bankruptcy Judge

*Introduction*

Turnberry/Centra Sub, LLC, Turnberry/Centra Office Sub, LLC, Turnberry Retail Holding, L.P., Jacquelyn Soffer and Jeffrey Soffer (collectively, the "Plaintiffs") commenced the above-captioned adversary proceeding on February 27, 2009. Plaintiffs' amended complaint (the "Amended Complaint"), filed on November 17, 2011, set forth claims of Fraudulent Inducement/Fraudulent Concealment (Count I), Breach of Contract (Count II), Promissory Estoppel (Count III) and Unjust Enrichment (Count IV). Defendants Lehman Brothers Holdings, Inc. and Lehman Brothers Bank, FSB (collectively, "Lehman") filed a motion to dismiss Counts I, III and IV of the Amended Complaint on January 13, 2012. Following oral argument on Lehman's motion to dismiss and a failed mediation effort, at a June 13, 2012 status conference, Plaintiffs' counsel offered to stipulate to the dismissal of Count I of the Amended Complaint. 06/13/12 Tr. 51:19-20; 52:12-16. Upon being notified by the mediator that the parties were at an impasse and unable to resolve the issues after a second attempt at mediation, on August 30, 2012, the Court entered an order (the "August 30 Order") dismissing Counts III and IV of the Amended Complaint with prejudice and directing Lehman to respond to Count II of the Amended Complaint within 14 days. ECF No. 75.

Plaintiffs have brought a Motion to Reargue and for Reconsideration of a Portion of the Court's August 30, 2012 Order That Dismissed Count III of the Amended Complaint Sounding in Promissory Estoppel, and, in the Alternative, for Leave to Amend (the "Motion"). In the Motion, Plaintiffs assert that the Court overlooked controlling law and facts when it dismissed Count III of the Amended Complaint. In the alternative, Plaintiffs request leave to further amend the Amended Complaint. Lehman opposes the Motion. The Court heard oral argument on

2

November 14, 2012. The Motion is denied to the extent that it seeks reconsideration with leave to further amend the Amended Complaint.

*Standard*

Federal Rule of Civil Procedure 59, made applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 9023, allows parties to seek alteration or amendment of a judgment. Fed. R. Civ. P. 59. In order to prevail on a motion under Rule 9023, a party must show that "the Court overlooked controlling decisions or factual matters that might materially have influenced the earlier decision or, alternatively, the need to correct a clear error or prevent manifest injustice." *In re Indu Craft, Inc.* 2011 Bankr. LEXIS 2545 *6 (Bankr. S.D.N.Y. July 1, 2011) (citing *In re Coudert Bros. LLP*, 2009 Bankr. LEXIS 2602, at *7-8 (Bankr. S.D.N.Y. Sept. 8, 2009), *aff'd* 2010 U.S. Dist. LEXIS 58467 (S.D.N.Y. June 4, 2010)); *see also Griffin Indus. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (setting forth the standard applicable to motions brought under Rule 59). Local Rule of Court 9023-1 requires that a motion for reargument "set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." Local Rule 9023-1.

*Discussion*

In dismissing Count III, the Court found that the Town Square Loan Agreement and associated documents are fully-integrated. As a result, no claims could be asserted that were based on having relied on alleged oral statements or purported promises made in connection with executing those documents. *See* August 30 Order ¶ 9.

The Court based its finding on the facts alleged in the Amended Complaint and arguments set forth by the parties in the briefs submitted and on the record at oral argument held on February 15, 2012. Plaintiffs argued that an alleged promise by Lehman to provide a $625

3

million take-out loan was an integral part of the overall financing of Plaintiffs' Town Square project, a high-end mixed use facility that was to contain retail, restaurants, entertainment, office space, and other amenities, located in Las Vegas. Plaintiffs and Lehman never entered into an agreement for $625 million of take-out financing. Am. Compl. ¶ 35. On July 25, 2007, however, Jacquelyn and Jeffrey Soffer (as borrowers) executed an agreement (the "Town Square Loan Agreement") for a loan (the "Town Square Loan") in the amount of $95 million. Am. Compl. ¶ 25. While it originally was contemplated that the Town Square Loan would be made to one of the corporate Plaintiffs, Lehman made the loan directly to the Soffers "for convenience." *Id*.

The Town Square Loan Agreement required that all funds advanced be used for the development of the Town Square project. Am. Compl. ¶ 26. The Town Square Loan Agreement also included an explicit integration provision that "[t]his Agreement and all other Loan Documents contain the entire agreement of the parties hereto and thereto in respect of the transactions contemplated hereby and thereby … ." Mot. Dismiss 21. In dismissing Count III, the Court applied this integration clause and found that it barred Plaintiffs' claim for promissory estoppel.

Plaintiffs, in a further attempt to keep their claims alive, now maintain that the alleged $625 million promise was not integral as previously alleged but separate from the Town Square Loan. Under this newly articulated characterization, the alleged promise would fall outside the scope of the integration clause. Plaintiffs fail, however, to point to any controlling decisions or facts that the Court overlooked in the August 30 Order and present the same facts and law already considered by the Court along with a new theory.

4

In their opposition to Lehman's motion to dismiss, Plaintiffs specifically argued that the alleged promise to provide long term financing does not contradict any provision in the Town Square Loan Agreement or in any related document; their papers contend that because the loan documents were silent on the promise to provide long term financing, the promissory estoppel claim should not be dismissed. Br. Opp'n 19-20 (quoting *HealthNow New York, Inc. v. APS Healthcare Bethesda, Inc.*, 2006 U.S. Dist. LEXIS 13148, *28 (N.D.N.Y. 2006)) ("[Defendant] is correct that its allegations do not contradict the [relevant agreement] because it is silent on [Plaintiff's] alleged agreement to transfer additional members to [Defendant]; thus, the Court denies [Plaintiff's] motion to dismiss [Defendant's] promissory estoppel counterclaim").

"The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Indu Craft*, 2011 Bankr. LEXIS 2545 at *6-7 (quoting *In re Vargas Realty Enters., Inc.*, 2009 Bankr. LEXIS 2040, at *7-8 (Bankr. S.D.N.Y. July 23, 2009) (citation omitted) and citing 12 Moore's Federal Practice ¶ 59.30 [6] (3d ed. 2008), at 59-116 ("A Rule 59(e) motion to alter or amend a judgment may not be used to relitigate the same matters already determined by the court. Further, a motion to alter or amend generally may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment.")) (additional citations omitted); *see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted) ("[i]t is well-settled that Rule 59 is not a vehicle for … presenting the case under new theories"); *In re General Vision Services, Inc.*, 352 B.R. 25, 28 (Bankr. S.D.N.Y. June 12, 2006) (quoting *Sequa*).

5

Plaintiffs seek reconsideration based upon the same argument advanced earlier in opposition to the motion to dismiss – that the alleged $625 million promise is outside the scope of the integration clause. Although packaged as part of a different theory than currently espoused by Plaintiffs – i.e., that the Town Square Loan together with the alleged promise of $625 million in take-out financing comprised one integrated financing transaction – the Court considered and rejected that argument on August 30. There was no clear error or manifest injustice in that determination, and there are no viable grounds for granting reconsideration of the August 30 Order.

In the alternative, Plaintiffs request leave to amend the Amended Complaint to include the allegation that Lehman continued to promise to provide a $625 million take-out loan after the Town Square Loan Agreement was finalized. Mot. Reconsider ¶ 15. Plaintiffs view this as significant, inasmuch as they argue that the integration clause bars reliance only on prior agreements. *Id*.

Federal Rule of Bankruptcy Procedure 7015 provides that Federal Rule of Civil Procedure 15 applies in adversary proceedings. Under Rule 15(a)(2), a party may amend its pleading only with consent or the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court, however, has "discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted).

Lehman opposes granting leave to amend on grounds that the proposed amendment would be futile because Plaintiffs will never be able to meet all of the legal requirements

6

applicable to a claim for promissory estoppel.[1]  It is premature for the Court to foreclose the right of the Plaintiffs to pursue this claim even if the likelihood of being able to demonstrate reasonable reliance is uncertain or remote.  Accordingly, Plaintiffs may further amend their Amended Complaint in the manner requested in the Motion.

*Conclusion*

For the reasons stated, the Motion is denied to the extent that it seeks reconsideration of the August 30 Order with leave to amend the Amended Complaint.  The parties shall submit an agreed order consistent with this Memorandum Decision.  Plaintiffs shall file and serve any second amended complaint on or before the date that is 14 days from the date of entry of such order.

Dated: New York, New York
       March 5, 2013

        *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

---

[1] A claim for promissory estoppel requires allegations of (i) a clear and unambiguous promise, (ii) reasonable and foreseeable reliance by the promisee, and (iii) injury sustained by the party asserting the estoppel by reason of his reliance. *US West Fin. Servs., Inc. v. Tollman*, 786 F. Supp. 333, 343 (S.D.N.Y. 1992).